# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| **CARLOS BROWN,** | ) | CASE NO. 1:18 CV 1614 |
| | ) | |
| Petitioner, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| v. | ) | |
| | ) | **OPINION AND ORDER** |
| **CUYAHOGA COUNTY COURT OF** | ) | |
| **COMMON PLEAS,** | ) | |
| | ) | |
| Respondent. | ) | |

**CHRISTOPHER A. BOYKO, J.:**

*Pro se* Petitioner Carlos Brown filed this Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241. He is currently being detained in the Cuyahoga County Jail, awaiting trial. He states he has been detained since March 2016 and asserts his right to a speedy trial is being violated. He does not provide a case number or give any indication of the charges pending against him. He asks this Court to expedite disposition of his case.

Petitioner also filed an Application to Proceed *In Forma Pauperis*. That Application is granted.

Writs of habeas corpus "may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a).

Section 2241 "is an affirmative grant of power to federal courts to issue writs of habeas corpus to prisoners being held 'in violation of the Constitution or laws or treaties of the United States.'" *Rice v. White*, 660 F.3d 242, 249 (6th Cir. 2011) (quoting Section 2241(c)). Because Petitioner is appearing *pro se*, the allegations in his Petition must be construed in his favor, and his pleadings are held to a less stringent standard than those prepared by counsel. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). However, this Court may dismiss the Petition at any time, or make any such disposition as law and justice require, if it determines the Petition fails to establish adequate grounds for relief. *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987); *see also Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (holding district courts have a duty to "screen out" petitions lacking merit on their face under Section 2243).

Under 28 U.S.C. § 2241(c)(3), federal courts may grant habeas relief on claims by a state pre-trial detainee if he is in custody in violation of the Constitution or laws or treaties of the United States. *Phillips v. Hamilton Cnty. Ct. of Common Pleas*, 668 F.3d 804, 809 (6th Cir. 2012). Unlike a Petition filed under 28 U.S.C. § 2254, exhaustion of state court remedies under § 2241 is not a statutory requirement. *Compare* 28 U.S.C. § 2254(b)(1)(A), with 28 U.S.C. § 2241. Nevertheless, the Sixth Circuit has recognized that, "in the § 2241 context, 'decisional law has superimposed such a requirement in order to accommodate principles of federalism.'" *Phillips*, 668 F.3d at 810 n. 4 (quoting *United States ex rel. Scranton v. New York*, 532 F.2d 292, 294 (2d Cir. 1976)). The requirement of exhaustion was developed to give state courts the first opportunity to examine and resolve constitutional issues arising within their jurisdictions and to limit federal judicial interference in state judicial processes. *Atkins v. Michigan*, 644 F.2d 543, 546 (6th Cir. 1981) (citations omitted). Therefore, even those habeas Petitioners proceeding

under § 2241 must exhaust all available state court remedies before proceeding in federal court. *Phillips*, 668 F.3d at 810 (citing *Klein v. Leis*, 548 F.3d 425, 429 n. 2 (6th Cir. 2008)).

Petitioner does not allege that he exhausted his state-court remedies. In fact, he does not allege he even raised this issue in the trial court. Because he does not allege that he has exhausted his state-court remedies, the Petition must be dismissed.

Accordingly, Petitioner's Application to Proceed *In Forma Pauperis* is granted, the Petition is denied and this action is dismissed without prejudice pursuant to 28 U.S.C. § 2243. Further, under 28 U.S.C. § 1915(a)(3), this Court certifies an appeal could not be taken in good faith.

IT IS SO ORDERED.

s/ Christopher A. Boyko
CHRISTOPHER A. BOYKO
UNITED STATES DISTRICT JUDGE

DATED: November 26, 2018